# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REGINALD S. CURTIS,**

        **Petitioner,**

        **v.**                       **Case No. 07-C-1122**

**WILLIAM POLLARD**

        **Respondent.**

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Reginald S. Curtis ("Curtis") is incarcerated pursuant to a state court judgment. Proceeding pro se, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 18, 2007. In response to an order issued by Chief Judge Rudolph T. Randa, Curtis submitted an amended petition on February 15, 2008. Chief Judge Randa screened this amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition.

Rather than filing an answer, the respondent filed a motion to dismiss the petition on the basis that the petition is untimely under 28 U.S.C. § 2244(d). This case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. The pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution.

Following a jury trial, Curtis was convicted of one count of first-degree reckless homicide by the use of a dangerous weapon, in violation of Wisconsin Statutes §§ 940.02(1) and 939.63 on October 12, 2003. (Docket No. 10 at 11.) He was sentenced to a term of imprisonment of 40 years, 27 years of initial confinement and 13 years extended supervision.

Curtis appealed his conviction and on March 10, 2003, the court of appeals summarily affirmed his conviction. (Docket No. 10 at 12.) The Wisconsin Supreme Court denied review on June 12, 2003. (Docket No. 10 at 16.)

On February 21, 2006, Curtis filed a motion for post-conviction relief pursuant to Wisconsin Statute §974.06 in Milwaukee County Circuit Court. (Docket No. 10 at 19.) The circuit court denied this motion on February 28, 2006, (Docket No. 10 at 54), and the court of appeals affirmed on February 6, 2007, (Docket No. 10 at 55). The Wisconsin Supreme Court denied review on May 22, 2007. (Docket No. 10 at 62.)

Curtis' petition is untimely and therefore it must be dismissed. A petition under § 2254 must be filed within one year of the petitioner's conviction becoming "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Curtis' petition became final 90 days after the Wisconsin Supreme Court denied review when the deadline for filing a petition for a writ of certiorari with the United States Supreme Court, see Sup. Cr. R. 13, passed without Curtis filing a petition for review. Thus, Curtis had until September 10, 2004 in which to file a habeas petition in federal court.

Although a properly filed post-conviction motion filed in state court will toll this one-year deadline, 28 U.S.C. § 2244(d)(2), Curtis did not file his § 974.06 motion in state court until long after the one-year deadline had run. Thus, when Curtis filed his post-conviction motion there was no remaining time to toll.

-2-

Alternatively, the court must consider whether Curtis may be able to demonstrate his petition was timely filed if it was filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, if Curtis raised only issues that he could not have discovered earlier in his §974.06 motion, these issues may be properly preserved. However, as is made clear by the court of appeals' decision affirming the circuit court, all of the issues raised by Curtis in his §974.06 motion could have been raised within one-year after his conviction becoming final. (See Docket No. 10 at 55-61.)

Finally, Curtis has failed to demonstrate that the one-year statute of limitations should be equitably tolled, see Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), or that he is entitled to relief pursuant to the doctrine of equitable estoppel, see Balsewicz v. Kingston, 425 F.3d 1029, 1035 (7th Cir. 2005). Therefore, because Curtis' petition is untimely, the court shall grant the respondent's motion to dismiss.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss, (Docket No. 10), is **granted**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of April 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge