UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD S. CURTIS,

    Petitioner,

v.                         Case No. 07-C-1122

WILLIAM POLLARD

    Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

Reginald S. Curtis ("Curtis") is incarcerated pursuant to a state court judgment. Proceeding pro se, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 18, 2007. In response to an order issued by Chief Judge Rudolph T. Randa, Curtis submitted an amended petition on February 15, 2008. Chief Judge Randa screened this amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition.

Rather than filing an answer, the respondent filed a motion to dismiss the petition on the basis that the petition is untimely under 28 U.S.C. § 2244(d). This case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge.

Curtis failed to respond, and on April 14, 2008, the court granted the respondent's motion to dismiss Curtis' petition. Judgment was entered accordingly. On May 5, 2008, Curtis filed a "Motion for Reconsideration," (Docket No. 14), wherein he argues that he should be allowed to proceed with his petition "under the principles of equitable tolling."

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828.

> See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995).

Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3-5 (N.D. Ind. 2007). "Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

As an initial matter, Curtis argues that reconsideration is appropriate because the court granted the motion to dismiss without providing Curtis the opportunity to respond. However, Curtis did have an opportunity to respond to the respondent's motion to dismiss under the local rules. In

accordance with Civil L.R. 7.1, Curtis' response was due no later than April 8, 2008. Curtis failed to timely respond and therefore, the court resolved the respondent's motion on April 14, 2008.

Perhaps Curtis was simply unaware of the deadlines imposed by Civil L.R. 7.1. Ordinarily, ignorance of procedural deadlines does not excuse a litigant's untimeliness, even when the litigant is proceeding pro se. See Members v. Paige, 140 F.3d 699, 702 (7th Cir. 1998) (quoting McNeil v. United States, 508 U.S. 106, 112-13 (1993)) ("[R]ules apply to uncounseled litigants and must be enforced."); see also Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994)). The court expects all litigants, including pro se litigants, to be familiar with procedural requirements, including this district's local rules.

In addition, in order to ensure that pro se litigants are informed of the applicable procedural rules when faced with motions for summary judgment or motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(c) when matters outside the pleadings are presented to the court, the court requires that counsel for the movant inform the pro se party of certain rules, notably, Civil L.R. 7.1. See Civil L.R. 12.1; 56.1. Unfortunately, in this case, Curtis did not receive the notice required for the motion filed.

Rather than filing an answer, the respondent filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and in doing so, submitted numerous exhibits to support the argument that Curtis' petition was untimely. Therefore, because the petitioner was proceeding pro se and matters outside the pleadings were presented to the court, the respondent was required to comply with Civil L.R. 12.1 and 56.1. From a review of the respondent's motion to dismiss, (Docket No. 10), and the accompanying certificate of service, (Docket No. 11), the respondent failed to comply with this district's local rules and did not provide Curtis with a copy of Civil L.R. 7.1.

Whether failure to comply with this district's local rules with respect to the requirement that Curtis be provided with a copy of Civil L.R. 7.1 should excuse Curtis' untimeliness and warrant

-3-
Case 2:07-cv-01122-AEG   Filed 05/07/08   Page 3 of 5   Document 15

reconsideration of this court's order dismissing the case are issues the court need not decide because the court finds that Curtis' motion fails on its merits.

Curtis presents the following argument regarding the application of equitable tolling:

> The petitioner presents to the Court that his Appellant [sic] Counsel failed to present his current issue in his First Appeal as of right, thereby abandoning a valid Federal Constitutional claim. Counsel further abandon [sic] the petitioner when she failed to file any appeal with the Federal Court on his behalf even when she was ask [sic] to do just that. Once the petitioner was aware that hsi [sic] counsel was not pursuing a [sic] appeal in the Federal Court, the petitioner took the necessary [sic] to try to have his case reopen [sic], the petitioner exercise [sic] due diligence for someone that has know [sic] knowledge of the law, he then seek [sic] the help of another inmate who took over his case to see if he could get back into court, it was not until that inmate read his case that he learn [sic] he had a possible Federal claim.

(Docket No. 14 at 2.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Curtis' conviction was final in September of 2003 when the deadline for requesting for review of his conviction by the United States Supreme Court passed with no action by Curtis. (Docket No. 12 at 2.) Thus, Curtis had until September 10, 2004 to file his present habeas petition. (Docket No. 12 at 2.) It was not until February of 2006 when Curtis filed a post-conviction motion in Wisconsin circuit court. (Docket No. 12 at 2.)

Although Curtis alleges that he diligently pursued his claims, the court finds that a delay of nearly 2½ years to be inconsistent with a claim of diligence. The fact that Curtis lacked legal knowledge is insufficient to excuse this delay. See, e.g., Murray v. Carrier, 477 U.S. 478, 488 (1986); Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003). Having concluded that Curtis has failed to demonstrate diligence, the court need not consider the second element of an equitable tolling claim. Therefore, Curtis' motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Curtis' motion for reconsideration, (Docket No. 14), is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of May, 2008.

s/AARON E. GOODSTEIN  
U.S. Magistrate Judge