UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**REGINALD S. CURTIS,**

        **Petitioner,**

        v.                Case No. 07-C-1122

**WILLIAM POLLARD**

        **Respondent.**

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING REQUEST FOR A CERTIFICATE OF APPEALABILITY

Reginald S. Curtis ("Curtis") is incarcerated pursuant to a state court judgment. Proceeding pro se, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 18, 2007. On April 14, 2008, following all parties consenting to the full jurisdiction of a magistrate judge, this court granted the respondent's motion to dismiss Curtis' petition. On May 5, 2008, Curtis filed a motion for reconsideration, which this court denied on May 7, 2008. On June 4, 2008, Curtis filed a request for a certificate of appealability ("COA") and a motion to proceed in forma pauperis on appeal.

Before a petitioner may proceed on appeal, the petitioner must receive a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." Section 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Relevant to this case, the Supreme Court has stated that,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 478 (2000). In other words, both a procedural showing and a constitutional showing are necessary to obtain a COA. Id. at 484-85.

Curtis has failed to show that jurists of reason would find it debatable that his petition was timely filed or that he is entitled to have the statute of limitations equitably tolled. Therefore, the court need not consider whether has made the requisite constitutional showing. Accordingly, Curtis' request for a COA is **denied**.

As for Curtis' request to proceed in forma pauperis on appeal, having reviewed Curtis' petition, the court is satisfied that Curtis is indigent and unable to pay the required fees. Therefore, Curtis' petition to proceed without prepayment of fees is **granted**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 5th day of June, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge